STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-232


SUCCESSION OF GERALD P. BEGNAUD SR.



**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-902499-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**David Lafargue**
**Lafargue Law Office**
**313 N. Main St.**
**P.O. Box 277**
**Marksville, LA 71351**
**(318) 253-7521**
**COUNSEL FOR APPELLANTS:**
    **Gerald P. Begnaud Jr.**
    **Charleen Begnaud Gremillion**

**Kerry L. Spruill**
**219 N. Main St.**
**P.O. Box 977**
**Marksville, LA 71351**
**(318) 240-7501**
**COUNSEL FOR APPELLEE:**
    **Peggy Begnaud**

**GREMILLION, Judge.**

The children of the deceased, Gerald P. Begnaud (Gerald), appeal the trial court's ruling in favor of their stepmother, Peggy Begnaud (Peggy), allowing her to be interred in the family cemetery existing next to the family home of which they are the naked owners. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Gerald died testate on June 16, 2011. Gerald was first married to Katherine Harper Begnaud, the mother of the appellants, Gerald Begnaud, Jr. and Charleen Begnaud Gremillion (collectively referred to as "the children"). Gerald then married Peggy in 1991, but they divorced on April 29, 2002. However, Gerald and Peggy remarried on October 6, 2010.

Gerald filed an application for a family burial ground on March 12, 2010, in the presence of a notary public. Gerald was listed as owner and Peggy signed the application as "an additional family member."

In June 2012, the children filed a partial judgment of possession and a rule to show cause. Peggy filed a rule to show cause pertaining to the partial judgment's exclusion of the Begnaud Cemetary in the detailed descriptive list. The trial court issued a judgment on the rule in August 2012, recognizing the children as the owners of the burial ground, subject to Peggy's right to visit and maintain the Begnaud Cemetary and the parties' rights to litigate issues relating to interment in the cemetery.

Peggy filed a petition for declaratory judgment seeking judicial recognition of her right to be buried in the Begnaud cemetery next to her husband. Although the parties were able to settle various disputes regarding other immovable and

movable property, the parties were unable to agree on Peggy's right to be interred in the family cemetery.

Following a November 2012 trial, the trial court issued written reasons for ruling on December 13, 2012, and granted Peggy's motion for declaratory judgment on December 19, 2012. The children now appeal and assign as error the trial court's grant of a declaratory judgment in favor of Peggy awarding her interment rights in the family cemetery.

## DISCUSSION

The trial court noted that this represents a novel issue. It found that the Begnaud cemetery was a family burial ground pursuant to La.R.S. 8:1(22); that Peggy signed the application for the family burial ground as an "additional family member;" and that, at Gerald's death in June 2011, Gerald and Peggy were "family." The trial court concluded that Peggy "shall be admitted to the Begnaud cemetery upon her death." We find no error in this ruling.

Louisiana Revised Statute 8:803, titled "Descent of title to cemetery space," states:

> Except as herein otherwise provided, every right of interment and cemetery space shall be subject to the laws of Louisiana pertaining to community property, inheritance, including but not limited to the laws of intestacy, donations inter vivos and mortis causa, and successions.

Gerald's October 5, 2004 last will and testament stated in part:

> 2.
> I give, will[,] devise, grant and bequeath to Peggy Cunningham Begnaud the right to live in the family residence which we have shared together at Highway 105, Simmesport, Louisiana, until her death. I further, give, will, devise, grant and bequeath to Peggy Cunningham Begnaud the sum of $1,000.00 per month for the balance of her life which monies are to be used to run the house which includes payment of all utilities, telephone and yard expenses. This right of habitation and the monthly payments shall terminate in the

2

event that Peggy Cunningham Begnaud should vacate the family residence for a period of 60 consecutive days or fails to use the family residence as her primary residence.

2. [sic]

I give, will, devise, grant and bequeath the balance of my property which I may own at the time of my death, of every nature, kind and description, to my two children equally, namely, Gerald P. Begnaud, Jr. and Charleen Begnaud Gremillion.

The will further appointed the children as co-executors of Gerald's estate.

Louisiana Revised Statute 8:1(22) defines a family burial ground as a "cemetery in which no lots are sold to the public and in which interments are restricted to a group of persons related to each other by blood or marriage." Louisiana Revised Statute 8:806 states:

> When the record title to a cemetery space or right of interment is in the names of two or more persons, each shall be considered as having a vested right therein and no conveyance or other disposition of said space or right shall be recognized without the written concurrence of each said record owner, but each owner shall have the right of interment in any unoccupied portion of the cemetery space at the time of death.

Peggy testified that she and Gerald commenced living together in 1983 and married in 1991. Peggy and Gerald divorced in 2002. Peggy said that she and Gerald physically separated for about a year-and-a-half, then resumed cohabitating, and eventually remarried on October 6, 2010. They remained married until Gerald's death.

Peggy admitted that the house was Gerald's separate property; that the land on which it is situated was his separate property; and that pursuant to a prenuptial agreement executed before the first marriage in 1991, the house and surrounding land remained his separate property. She further admitted that, at the time the application for the family burial ground was submitted, she and Gerald were not

3

married, nor were they married at the time the cemetery space was dedicated on January 5, 2010; however, she said that they were living together.

Peggy recounted the conversation she had with Gerald regarding the family cemetery. Peggy testified that at Gerald's behest, she contacted Mike Kelly, an attorney, regarding the formation of the family cemetery for them. Peggy discussed the "Application for Family Burial Ground" that was filled out by Gerald and submitted to the Louisiana Cemetery Board. Gerald signed the form as the owner and Peggy signed above the area designated "Additional Family Member's Signature/Relationship." Peggy then reviewed the "Act of Dedication" describing the land adjacent to the house to be used as a family cemetery. Peggy described it as being in the backyard. Peggy stated that Gerald wished for her and their poodle, Tootie, to be buried next to him. Peggy constructed her and Tootie's vaults after Gerald's death. She admitted that she did not request the children's permission to erect her or Tootie's vaults. A photograph submitted into evidence shows Gerald's vault and Peggy's vault with Tootie's vault situated in the middle. Tootie, who died two months after Gerald, has been buried in the cemetery.

Charleen Gremillion testified that she discussed with her father his wishes regarding the cemetery plot prior to his death. She said it was always understood that Peggy would go back to Tennessee to be buried with her family. Charleen stated that her father kept Peggy "at arm's length" and kept his property separate. She noted that no one is listed on the "Application for Family Burial Ground" under item number six that states "list the name, business address and residence address of each owner and one additional family member(s)." Further, at the time Peggy signed the application she did not list her relationship to the owner, as she and Gerald were divorced at the time.

4

Gerald Jr. testified that he regularly spent time visiting with his father and Peggy. He acknowledged that they were physically together except for a brief period of separation.

There is no dispute that the children are the current owners of the cemetery. This case presents an interesting issue regarding a property owner's rights versus a spouse's right to be buried in a family burial ground, even if the spouse is not a part owner of the underlying ground.

Although there is no jurisprudence on this issue, a spousal preference exists in other areas involving the right to control interment. For example, La.R.S. 8:655 gives a surviving spouse preference over the adult surviving children in controlling interment of the deceased when a written and notarized document does not instruct otherwise and an action for divorce has not been filed prior to death. *See also* La.R.S. 8:659. Similarly, we find that the legislature intended to give a surviving spouse a preferential right to be interred in the family burial ground. Although La.R.S. 8:1(22) does not expressly confer the right to interment, it presupposes that those who are family, by either blood or marriage, of the owner have a right to buried there. Legally, as a relative by marriage to the former owner, Gerald, Peggy has the right to be interred in the cemetery pursuant to the plain language of La.R.S. 8:1(22).

Furthermore, there is no manifest error in the trial court's finding that Gerald intended for Peggy to have the right of interment in the family cemetery. The fact that Peggy and Gerald were together for over twenty-five years is undisputed. They married each other twice. Peggy's participation in the joint application for the burial ground, Gerald's inclusion of her signature on the document, his bestowal of a usufruct to Peggy over the adjacent home, and his remarriage to

Peggy, are evidence of Gerald's intent to also bestow upon Peggy an interment right near him in the family cemetery. Further evidence of his intent is in the testimony of a friend who said she heard many conversations in which Gerald expressed his desire that Peggy be buried next to him.

## CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Gerald Begnaud, Jr. and Charlene Gremillion.

**AFFIRMED**.